UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN WILLIAM CASSADAY,

        Petitioner,

v.

WILLIAM WOODS,

        Respondent.

_____/

Case No. 1:22-cv-1044

Honorable Gordon J. Quist

## OPINION

This is a habeas corpus action brought by a federal pretrial detainee under 28 U.S.C. § 2241. This matter is before the court on Petitioner's motion for leave to proceed *in forma pauperis*, (ECF No. 3), and for preliminary review under 28 U.S.C. § 2243.

## Discussion

### I. Leave to proceed *in forma pauperis*

Petitioner has filed a motion for leave to proceed *in forma pauperis*. The affidavit does not strictly comply with the requirements of the statute; but, based on the motion and the Court's familiarity with Petitioner's financial circumstance from the dozens of civil actions he has commenced in the last year, it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Accordingly, the Court will enter an order granting Petitioner leave to proceed *in forma pauperis*.

### II. Preliminary review of the habeas petition

A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

After undertaking the review required by § 2243, as explained below, the Court concludes that the petition is properly dismissed without prejudice because this Court does not have jurisdiction to consider it.

Petitioner is presently housed at FMC Butner in Butner, North Carolina. This Court ordered that Petitioner be detained pending trial in *United States v. Cassaday*, No. 1:21-mj-562 (W.D. Mich. Nov. 10, 2021), (ECF No. 21). Immediately after Petitioner was ordered detained, the Court also ordered a psychiatric/psychological evaluation of Petitioner. *Id*., (ECF No. 23.) In furtherance of that evaluation, Petitioner was transferred to FMC Butner.

Based on the evaluation report, the Court determined that Petitioner was not competent to stand trial. *Id*., (ECF No. 35.) Petitioner was committed to the custody of the Attorney General for treatment. Petitioner appealed that order to the Sixth Circuit Court of Appeals, to no avail.

Petitioner was again transported to FMC Butner, this time for treatment. For a few days, however, Petitioner was housed at USP Atlanta, in Atlanta, Georgia. Petitioner filed the present habeas petition while he was housed at USP Atlanta. The Federal Bureau of Prisons reports that Petitioner is now housed at FMC Butner. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search First "Kevin" Last "Cassaday") (last visited Dec. 19, 2022).

Petitioner filed a form petition titled "Petition for Writ of Habeas Corpus—Failure to Provide Timely Preliminary Hearing or Discharge Defendant (18 U.S.C. § 3060(d))." (ECF No. 1, PageID.1.) Essentially Petitioner contends that this Court has delayed his preliminary examination without excuse such that Petitioner must be released.

Habeas relief in the federal courts is available pursuant to 28 U.S.C. § 2241, 2254, and 2255. A habeas petition under 28 U.S.C. § 2254, available to state prisoners, requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255, available

to federal prisoners, similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

A habeas petition under 28 U.S.C. § 2241 must be filed in the district having jurisdiction over Petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001) ("While a motion to vacate sentence under 28 U.S.C. § 2255 must be filed in the district court which sentenced the movant, a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian." (citing *In re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999))). At the time the petition was filed, the warden of USP Atlanta was Petitioner's custodian. Petitioner's present custodian is the warden of FMC Butner. Thus, Petitioner's custodian when he initiated this action was in the Northern District of Georgia, not the Western District of Michigan. And Petitioner's present custodian is in the Eastern District of North Carolina. This Court does not have jurisdiction over Petitioner's claim as raised. Nonetheless, 28 U.S.C. § 1631 authorizes the Court to transfer a habeas petition to the federal district court having jurisdiction over a habeas petitioner's custodian at the time the action was commenced.

Although this Court is authorized to transfer the habeas petition, that authorization is not unqualified. The statute provides for transfer "if it is in the interest of justice . . . ." 28 U.S.C. § 1631. In this case, it is not in the interest of justice to transfer the petition.

The instant petition is Petitioner's fifth habeas petition this year. *Cassaday v. United States*, No. 1:22-cv-242 (W.D. Mich.); *Cassaday v. Mendham*, No. 1:22-cv-723; (W.D. Mich.); *Cassaday*

3

*v. Mendham*, No. 1:22-cv-840 (W.D. Mich.); *Cassaday v. Mendham*, No. 1:22-cv-951 (W.D. Mich.). The other four petitions were dismissed because Petitioner refused to exhaust his challenges to pretrial detention first in his criminal proceedings.

Even though a petition for habeas corpus is, at least in part, a proper procedural path to obtain the relief Petitioner seeks, it is not the place he should start. Regular federal criminal proceedings, not habeas corpus proceedings, are the proper place to resolve the sort of challenges that Petitioner raises in all of his petitions. In *Johnson v. Hoy*, 227 U.S. 245 (1913), the Supreme Court rejected a habeas petition by a pretrial detainee objecting to excessive bail and claiming that the statute under which he had been indicted was unconstitutional, stating:

> The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases . . . . [The petition] is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted, was decided in *Glasgow v. Moyer*, 225 U.S. 420 (1912). That and other similar decisions have so definitely established the general principle as to leave no room for further discussion. *Riggins v. United States*, 199 U. S. 547 (1905).

*Johnson*, 227 U.S. at 247; *see also Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) (stating "[w]hile habeas corpus is an appropriate remedy for on held in custody in violation of the Constitution . . . , the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted").

In *Medina v. Choate*, 875 F.3d 1025 (10th Cir. 2017), the Tenth Circuit Court of Appeals collected the "remarkably few" published appellate opinions on the matter in the past century:

> In 1948 the D.C. Circuit declared that "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Pelley v. Botkin*, 152 F.2d 12, 13 (D.C. Cir. 1945) (refusing to hear pretrial habeas challenge to constitutionality of statute). More recently, two circuit courts have criticized use of § 2241 to challenge

4

pretrial detention orders rather than proceeding under 18 U.S.C. § 3145. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming district court's refusal to entertain § 2241 petition); *Fassler v. United States*, 858 F.2d 1016, 1017–18 (5th Cir. 1988) (prisoner ordinarily should proceed under § 3145). The Seventh Circuit was more definitive in an unpublished opinion, declaring, "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010). Unpublished opinions in this circuit have taken the same view. As we explained in one of those opinions:

> To be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."

*Hall v. Pratt*, 97 F. App'x 246, 247–48 (10th Cir. 2004) (citations omitted*); accord Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015). Although the earlier cases did not speak in terms of exhaustion of remedies in federal court, as we have in our unpublished decisions, the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief. *See* 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial.").

*Medina*, 875 F.2d at 1028–29.

The *Medina* court did not end its analysis with the declaration that exhaustion is required.

The court continued:

> But this is not to say that federal prisoners can pursue relief under § 2241 after these avenues have been exhausted. If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.

*Id.* at 1029. Although such circumstances might exist for state detainees, *see, e.g.*, *Ex parte Royall*, 117 U.S. 241 (1886); *Thomas v. Loney*, 134 U.S. 372 (1890); *Justices of Boston Mun. Ct. v. Lydon*,

5

466 U.S. 294 (1984), there do not appear to be any cases identifying the presence of such circumstances for federal pretrial detainees.

After *Medina*, the Third Circuit Court of Appeals addressed the claim of a pretrial detainee challenging his continued detention. *Reese v. Warden Philadelphia FDC*, 904 F.3d 244 (3d Cir. 2018). The Third Circuit also concluded that "Section 2241 is . . . not the proper vehicle for [petitioner] to challenge his detention pending trial. The Bail Reform Act of 1984 . . . provides a comprehensive scheme governing pretrial-release decisions. . . . [F]ederal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action." *Id.* at 247. Additional circuit courts of appeals have since echoed that conclusion. *See Frederickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020); *Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1–2 (11th Cir. Nov. 17, 2021).

The authorities cited in *Medina* and the additional circuit authority issued after *Medina* indicate, at a minimum, that Petitioner should first exhaust his challenges in his criminal proceedings. Petitioner has not so exhausted his claims. To transfer the instant petition to the jurisdiction in which Petitioner was confined when he initiated this action so that that court can dismiss for failure to exhaust in the criminal proceedings in this Court would be a colossal waste of time and, thus, contrary to the interest of justice. Accordingly, in lieu of transfer, the Court will simply dismiss the § 2241 petition for lack of jurisdiction.

**Conclusion**

The Court will enter an order granting Petitioner leave to proceed *in forma pauperis*. The Court will also enter a judgment dismissing the petition without prejudice for lack of jurisdiction. In § 2241 cases filed by federal detainees, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated: December 22, 2022                                           /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE